Gene THORNTON, Appellant,

v.

Jerry HOFROCK, Appellee.

No. 13219.

Court of Civil Appeals of Texas, Austin.

Dec. 17, 1980.

Robert J. Kuhn, Kuhn & Collins, Austin, for appellant.

Thomas E. Tiemann, Austin, for appellee.

PHILLIPS, Chief Justice.

This case involves a bailee-bailor controversy in which the appellant leased a motor home from appellee, pursuant to a signed rental agreement. The jury found that the vehicle was returned in a damaged condition and judgment was rendered in appellee's favor for damages to the motor home, plus attorney's fees, less the advance security deposit paid by appellant. Appellant's sole point of error on appeal is that the jury's answers to Special Issues No. 4 and No. 9 absolved appellant of any negligence in connection with the damages to appellee's motor home.

We affirm the judgment of the trial court.

We note that Special Issue No. 4 is conditioned on Special Issue No. 3. In Special Issue No. 3, the jury found that appellant "failed to adequately supervise the use of the motor home in question." In Special Issue No. 4, the jury failed to find that such failure was negligence on the part of appellant.

The latter special issue specifically asks for a finding of negligence based on the failure of supervision found in Special Issue No. 3. Appellant contends that damages cannot stand against him, because Special Issue No. 4 shows that the damages in question resulted without his negligence. We disagree.

■ Appellee had the burden of requesting special issues on appellant's negligence and obtaining affirmative findings of negligence. The court submitted a number of incomplete clusters of special issues on negligence. The jury answered the special issues in the incomplete clusters affirmatively. As a consequence, the question to be decided is whether the omitted issue or issues are to be deemed found in favor of the judgment rendered in the trial court.

■ We have concluded that the omitted special issue or issues should be deemed as found by the jury in such manner as to support the judgment rendered, Tex.R. Civ.P. 279. As the record on appeal contains no statement of facts, we presume that the omitted issues are supported by evidence.

In Special Issue No. 9, the jury found that "the breakdown of the generator system of the mobile home was" not "caused directly or indirectly as a result of misuse of the system or by the carelessness or negligence of" appellant.

■ Appellant attempted to show that the money spent to repair the generator system while the motor home was in his care should be offset against appellee's damages. Paragraph four of the rental agreement is a defense to the offset claim.[1] Said paragraph also requires that appellant

---

1. Paragraph four provides that the "Owner agrees to pay for or reimburse Renter for mechanical repairs ... required due to any breakdown of the unit, provided said breakdown is not caused ... by the misuse by Renter ... or negligence of Renter.... Renter shall contact Owner by telephone and obtain authorization to have said repair work performed by a qualified mechanic."

obtain authorization from appellee before having repairs performed.

Appellant would have been entitled to an offset against damages for the generator if the jury had not found that there was no authorization for the repairs. Appellee concedes that appellant was not negligent in damaging the generator system and, as a consequence, appellee never claimed an award of damages for the generator in the first place.

The judgment of the trial court is in all things affirmed.